UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-270 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Damon Artesse Guy, | |
| Defendant. | |

This matter is before the Court on Defendant Damon-Artesse Guy's non-dispositive motions (ECF Nos. 42-46). On June 6, 2023, the Court held a hearing on these motions and Mr. Guy's Second Motion for Suppression of Evidence ("Motion to Suppress") (ECF No. 47). The Court will address the Motion to Suppress in a separate report and recommendation. During the hearing, the parties waived oral argument on the motions for non-dispositive relief. Based on the parties' written submissions, and on the entire file, the Court enters the following Order.

**I       Motion for Disclosure of 404 Evidence (ECF No. 42)**.

Mr. Guy's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The Government states that it has already disclosed 404(b) evidence relating to Mr. Guy's criminal history. With respect to any additional 404(b) evidence, the Government shall provide the notice required by Rule 404(b) at least fourteen days before trial, but the Court encourages the Government to disclose such evidence as soon as practicable to avoid unnecessary delays. The notice requirement does not apply to evidence that is inextricably intertwined with the offense conduct charged.

1

II.     **Motion for Early Disclosure of Jencks Act Material (ECF No. 43)**.

Mr. Guy's Motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Although the Court denies this Motion, the Government states that it has already made and intends to continue making liberal early disclosure of Jencks Act material, and further states that it will produce its Jencks Act material no later than three days prior to trial. The Court encourages the Government to disclose its Jencks Act material as soon as possible to avoid unnecessary delays at trial and to promote the fairness of the proceedings.

III.    **Motion to Disclose and Make Informant Available for Interview and to Disclose Promise of Favorable Treatment (ECF No. 44)**.

Mr. Guy's Motion for an order requiring the Government to disclose the identity of and promises made to any informant is **DENIED** without prejudice. The record does not reflect any use of an informant. During the hearing on June 6, 2023, counsel for Mr. Guy clarified that the record does not reflect any use of an informant and explained that he filed this motion in the event the Government produces an informant at a later date. The Government responded that it does not intend to rely on any informant but will notify Mr. Guy if that changes. Mr. Guy may renew his motion in the event that such an informant is identified.

IV.     **Motion for Grand Jury Transcripts (ECF No. 45)**.

Mr. Guy's motion for production of Grand Jury Transcripts is **DENIED**. A party seeking disclosure of a grand jury transcript must show a "particularized need." *United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997). "[G]rand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." *United States v. Wilson*, 565 F.3d 1059, 1069-70 (8th Cir. 2009) (quoting *United States v. Hintzman*, 806 F.2d 840, 843 (8th Cir. 1986)). Mr. Guy has not met his burden to show a particularized need for

any grand jury transcript. However, the Government has agreed to produce the grand jury transcript of FBI Special Agent Matt Parker, if Agent Parker testifies at a hearing or trial. The Government states that Agent Parker's grant jury transcript is the only transcript in its possession.

V.  **Motion for Notice of Government's Intent to use Residual Hearsay Exception under Rule 807 (ECF No. 46)**.

Mr. Guy's motion for an order requiring the Government to provide notice of its intent to use the residual hearsay exception under Rule 807 of the Federal Rules of Evidence is **GRANTED**. The Government shall disclose any anticipated Rule 807 evidence within 28 days of trial.

**SO ORDERED.**

Dated: June 6, 2023  *s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge