UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-270 (DWF/DJF) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Damon Artesse Guy, | |
| Defendant. | |

## INTRODUCTION

Defendant Damon Artesse Guy moves to suppress evidence obtained through a search. (Doc. No. 47.) In a Report and Recommendation ("R&R"), Magistrate Judge Dulce J. Foster recommended that Guy's motion be denied. (Doc. No. 64.) Guy filed an objection to the R&R (Doc. No. 65), and the United States of America (the "Government") responded (Doc. No. 73). After an independent review of the record and objection, the Court adopts the Magistrate Judge's R&R.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that officers searched Guy "to effectively render medical aid." (Doc. No. 64 at 5.) The Magistrate Judge based her decision on the fact that: "(1) police officers responded to a 911-call that a person was slumped in the hallway of an apartment building; (2) upon arrival, police officers observed Mr. Guy slumped in the hallway; (3) Mr. Guy was unresponsive to various attempts to rouse him; and (4) administering Narcan can save a person's life when overdosing on drugs." (*Id.* 5-6.) The Magistrate Judge alternatively concluded that even if the search were improper, suppression was not warranted because "the pills are subject to the inevitable-discovery doctrine." (*Id.* at 6.)

Guy objects to the R&R, arguing that the officers were not rendering medical assistance because they "were simply pulling the pills out of Guy's pockets and throwing them at Wagaman to place in an evidence bag" without examining them. (Doc. No. 65 at 7.) Additionally, Guy argues that the inevitable-discovery doctrine does not apply because "no witness testified that the hospital typically searched patients receiving medical care." (*Id.*)

The Fourth Amendment protects against warrantless searches or seizures, but the warrant requirement is subject to certain exceptions. *Cotton v. Miller*, 74 F.4th 932, 934 (8th Cir. 2023). "One exigency obviating the requirement of a warrant is the need to assist persons who are seriously injured or threatened with such injury." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006).

In this case, the officers were responding to a 911 call reporting that Guy was "slumped over on the hallway floor" outside an apartment "with a gun magazine in [his]

2

hand." (Doc. No. 59 at 11.)  When the police arrived, Guy was unresponsive.  (*Id.* at 32.)  The officers checked Guy's vitals to ensure he had a pulse, searched him to help determine the cause of his unresponsiveness, and called an ambulance.  (*Id.* at 13-14, 26.)  Specifically, the officers suspected Guy's unresponsiveness could be caused by alcohol or narcotics.  (*Id.*)  If the officers found narcotics, then they knew that Narcan could be administered.  (*Id.*)  When the EMTs arrived, they administered Narcan and brought Guy to the hospital.  (Doc. No. 62-1 at 1.)

     Based on the totality of the circumstances, the Court agrees with the Magistrate Judge that the officers searched Guy for the purpose of rendering medical aid.  Although Officer Wagaman did not closely inspect the labels on the pill bottles, the officers were still responding to a medical emergency at the time of the search and searched Guy to find some sort of explanation for his unresponsiveness.

     Additionally, the Court agrees with the Magistrate Judge that, even if the search were improper, the inevitable discovery doctrine applies, as "the evidence would have been acquired lawfully but for the constitutional violation."  *United States v. Baez*, 983 F.3d 1029, 1038 (8th Cir. 2020).  As the R&R notes, Guy could have been lawfully searched at the hospital.  Additionally, while at the hospital, Guy repeatedly gave the officers a false name.  (Doc. No. 62-1 at 1-2.)  Officers then fingerprinted Guy and determined his actual identity and discovered two outstanding felony warrants.  (*Id.*)  Guy was then taken into custody where the pills would have been inevitably discovered.  The Court thus overrules Guy's objection and denies his motion to suppress.

3

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Damon Artesse Guy's objection (Doc. No. [65]) to Magistrate Judge Dulce J. Foster's August 7, 2023, Report and Recommendation is **OVERRULED**.

2. Magistrate Judge Dulce J. Foster's August 7, 2023, Report and Recommendation (Doc. No. [64]) is **ADOPTED**.

3. Damon Artesse Guy's motion to suppress evidence (Doc. No. [47]) is **DENIED**.

Dated:  September 28, 2023               s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge